

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

DAVID ALLEN, JR.,

      Petitioner,

v.

                                  Civil No.: 4:15cv117
                                Criminal No.: 4:15cr7

UNITED STATES OF AMERICA,

      Respondent.

## OPINION AND ORDER

This matter is before the Court on David Allen, Jr.'s ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. Petitioner's § 2255 motion alleges a single claim for relief, although it relies on various sub-claims seeking to establish that the United States Constitution is void or that this Court otherwise lacks jurisdiction over Petitioner. Having considered the briefs and record, the Court finds that an evidentiary hearing is unnecessary because the record conclusively demonstrates that Petitioner is not entitled to relief. See R. Gov. § 2255 Proc. for U.S. Dist. Cts. 8(a). For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2015, Petitioner was indicted by a federal grand jury for failure to update his registration under the Sex

Offender Registration and Notification Act, in violation of 18 U.S.C. § 2250. On April 16, 2015, Petitioner pled guilty to such charge, and on July 16, 2015, he was sentenced to 30 months imprisonment. ECF No. 34.

Petitioner did not appeal his conviction or sentence, but did timely file the instant § 2255 motion seeking to vacate his conviction and sentence. ECF No. 38. Petitioner asserts that the United States Government lacked the authority to criminally prosecute him and that this Court lacked jurisdiction to convict and sentence him for committing a federal crime. The United States filed a timely brief in opposition to Petitioner's § 2255 motion, asserting: (1) that Petitioner's § 2255 claim is procedurally defaulted; and (2) that such claim alternatively fails on the merits. ECF No. 44. Petitioner failed to file a reply brief responding to such procedural and substantive arguments, and the deadline for filing a reply has long since passed. This matter is therefore ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States,"

2

that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal.[1] United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). With limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district

---

[1] The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting" errors occurring in the district court. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).[2]

"'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a *possibility* of prejudice," but rather, he must show that errors "worked to his *actual* and substantial disadvantage," infecting the case with "error of constitutional dimensions." Frady, 456 U.S. at 170.

### III. DISCUSSION

#### A. Procedural Default

Petitioner failed to pursue a direct appeal challenging the validity of the United States Constitution, or this Court's jurisdiction, and thus, his § 2255 claim raising such arguments is procedurally defaulted. Petitioner is therefore precluded

---

[2] Alternatively, in an "extraordinary case," a petitioner can overcome his procedural default by demonstrating that default would result in a "fundamental miscarriage of justice," such as in the rare case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." United States v. Jones, 758 F.3d 579, 583 (4th Cir. 2014) (citations and quotation marks omitted).

4

from obtaining relief unless he demonstrates both "cause" and "prejudice" excusing his default.[3] Considering first the "cause" prong of the procedural default test, the only explanation Petitioner offers in his § 2255 motion for failing to previously raise such claim is his prior "lack of knowledge." ECF No. 38, at 9.[4] However, an asserted lack of personal knowledge regarding the validity or invalidity of the Constitution and/or authority of the United States District Courts is not "a factor external to the defense." See Anderson v. Clarke, No. 2:13cv223, 2014 WL 1203032, at *5 (E.D. Va. Mar. 24, 2014) (holding that "pro se status, lack of education, or lack of legal training," are insufficient to establish "cause" (citing Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004))). Petitioner therefore fails to demonstrate "cause."

Petitioner similarly fails to demonstrate "prejudice" because, for the reasons discussed in greater detail below, Petitioner's contention that the United States Constitution is void or otherwise without force, and his associated arguments contending that this Court lacks jurisdiction over the parties

---

[3] Petitioner's claim challenges the legal validity of his conviction and sentence, and does not in any way suggest that he is innocent of the crime of conviction. Moreover, he admitted his factual guilt to such crime under oath in open court. Accordingly, there is no suggestion that there was a "fundamental miscarriage of justice" in this case.

[4] As previously noted, Petitioner did not file a § 2255 reply brief, and he therefore fails to offer any argument in response to the Government's contention that his claim is procedurally defaulted.

5

to this case and/or federal crimes committed within the United States, fails on its face. Petitioner thus fails to demonstrate that his prosecution, conviction, or sentence was infected "with error of constitutional dimensions." Frady, 456 U.S. at 170. Because Petitioner fails to overcome his procedural default, his § 2255 motion is **DISMISSED**.

### B. Failure on the Merits

Alternatively, even if this Court had jurisdiction to reach the merits of Petitioner's procedurally improper claim, it would be denied on the merits. Petitioner's lone claim, presented through various associated sub-theories, challenges the validity of the Constitution and attacks the personal and subject matter jurisdiction of this Court. ECF Nos. 38, 40. While Petitioner correctly asserts that jurisdiction is a necessary prerequisite to a federal prosecution, his challenges to the legitimacy of the United States Constitution are patently meritless, and the validity of the United States Constitution has been upheld by the Supreme Court for over 200 years. See Hawke v. Smith, 253 U.S. 221, 226 (1920) ("The Constitution of the United States was ordained by the people, and, when duly ratified, it became the Constitution of the people of the United States." (citing McCulloch v. Maryland, 4 Wheat. 316 (1819))); Marbury v. Madison, 5 U.S. 137, 176 (1803). Petitioner's associated contention that he did not affirmatively "consent" to be

governed by the Constitution or laws of the United States is not a valid basis to avoid prosecution for violating federal law, nor are his contentions that he is not subject to the laws of the United States because he is a non-signatory of the Constitution and/or because he asserts his own authority over his own home. See Planned Parenthood v. Casey, 505 U.S. 833, 901 (1992) ("Our Constitution is a covenant running from the first generation of Americans to us and then to future generations. It is a coherent succession."); United States v. Mitchell, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (holding that personal "consent" to the Court's authority and/or to the validity of a federal criminal prosecution is not required, further commenting that it "is hard to imagine that any indicted defendant would 'consent' to any proceedings against him"); United States v. James, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."). Accordingly, Petitioner fails to demonstrate that the Constitution is without force or that his conviction or sentence is void.

Petitioner similarly fails to demonstrate that this Court lacks subject matter jurisdiction over the case, or personal jurisdiction over either party to the case. Rather, federal district courts "have original jurisdiction . . . of all offenses against the laws of the United States," 18 U.S.C.

§ 3231, and "[p]hysical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution," United States v. White, 480 F. App'x 193, 194 (4th Cir. 2012) (citations omitted); see United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) ("Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231."). In sum, all of Petitioner's contentions that he is not subject to criminal prosecution in federal court for (admittedly) violating a federal criminal statute are meritless. Accordingly, because this Court properly exercised jurisdiction over Petitioner, and this federal criminal case, under the United States Constitution and the laws of the United States, even if this Court could reach the merits of Petitioner's claim, it, and all associated sub-claims, would be denied.

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion is **DISMISSED** because Petitioner raises only a new "procedurally defaulted" claim and he fails to overcome his default. Moreover, the Court alternatively finds that, even if it had jurisdiction over such claim, it would be denied on the merits.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable on this record, and

alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Newport News, Virginia.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 27, 2017